KELLY, Judge.
The appellants, Michael Mastropietro and Joseph Rabbia, challenge the order dismissing their complaint against Har-bour Phase I Owners, LLC (Harbour) on the ground that it was untimely under 15 U.S.C. § 1703(c) (2006), which provides a two-year period within which a purchaser may assert his right to rescind a purchase contract under the Interstate Land Sales Full Disclosure Act (ILSA). 15 U.S.C. § 1701-1720. We agree their claim was untimely, and accordingly, we affirm.
The appellants and Harbour entered into a condominium purchase agreement on December 20, 2004. Nearly three years later, on December 19, 2007, the appellants sued seeking rescission based upon Harbour’s failure to provide the appellants with a property report approved by the Department of Housing and Urban Development as required by 15 U.S.C. § 1703(a)(1)(B). Harbour moved to dismiss the complaint asserting that the claim for rescission was untimely under section 1703(c) which states the following:
(c) Revocation of contract or agreement at option of purchaser or lessee where required property report not supplied
In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing, and such contract or agreement shall clearly provide this right.
The appellants countered that their claim for rescission was timely because it was governed by the general three-year limitations period set forth in 15 U.S.C. § 1711(b), which states, “[n]o action shall be maintained ... to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this title unless brought within three years after the signing of the contract or lease, notwithstanding delivery of a deed to a purchaser.” The trial court concluded that the complaint was untimely and dismissed it with prejudice.
*530 Federal courts interpreting sections 1703(c) and 1711(b) have held that a purchaser must invoke his right to .rescind the contract within two years of the signing of the contract. See, e.g., Venezia v. 12th & Div. Props., LLC, 679 F.Supp.2d 842 (M.D.Tenn.2009); Werdmuller Von Elgg v. Carlyle Developers, Inc., No. 6:09-cv-132-ORL-31KRS, 2009 WL 961144 (M.D.Fla. Apr.7, 2009); Bush v. Bahia Sun Assocs., L.P., No. 8:07-cv-1314-T-17-EAJ, 2009 WL 963133 (M.D.Fla. Apr.8, 2009); Taylor v. Holiday Isle, LLC, 561 F.Supp.2d 1269 (S.D.Ala.2008). If the buyer exercises that right within the two-year period and the seller refuses to honor the purchaser’s demand, then under section 1711(b), the purchaser has a third year -within which to file suit to enforce that right. Venezia, 679 F.Supp.2d at 850. If the purchaser fails to invoke his right to rescind the contract within two years, that right is extinguished and there is no longer a section 1703(c) right to enforce within the three-year limitations period provided by section 1711(b). Id.
Here, the appellants executed the contract on December 20, 2004; therefore, they were required to invoke their right to rescind before December 20, 2006. Because they did not do so, that right was extinguished, and the trial court properly dismissed their complaint seeking rescission under section 1703(c). Accordingly, we affirm the decision of the trial court.
Affirmed.
NORTHCUTT and WALLACE, JJ., Concur.